The undersigned have reviewed the prior Opinion and Award based upon the record of proceedings before Deputy Commissioner Scott M. Taylor. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
* * * * * * * * * * * *
STIPULATIONS
1. On the date of the alleged injury by accident, on 9 April 1992, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Defendant is a duly qualified self-insured employer under the Workers' Compensation Act.
4. Plaintiff's average weekly wage was $568.77.
5. Plaintiff was employed as a furnace operator for defendant-employer before he was out of work beginning 14 April 1992. Plaintiff remained out of work from 14 April 1992 through 31 January 1993.
6. Any compensation due plaintiff for temporary total disability is subject to a $5,200.00 credit as provided by G.S. § 97-42 for disability benefits paid by defendant at $200.00 per week, for 26 weeks beginning 14 April 1992.
7. Following the 18 May 1993 hearing before Deputy Commissioner Taylor, defendant paid plaintiff for wages last beginning 12 October 1992, and thus the only compensation which remains in issue is for temporary total disability from 14 April 1992 through 11 October 1992, and compensation for a rating for permanent partial disability.
8. The stipulations and associated documents incorporated under the 13 May 1993 Pre-Hearing Agreement, are incorporated herein by reference.
* * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff has been employed since 1978 in a Wilson plant manufacturing glass bottles, operated by defendant-employer. Plaintiff worked as a furnace operator for approximately ten years prior to April of 1992.
2. Plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer in 1988. That year, plaintiff underwent surgery on his back for an excision of a ruptured disc at L4-L5, which was performed by Dr. John Leonard. Thereafter, plaintiff returned to his regular duties with defendant-employer.
3. As a result of his injury by accident in 1988 and resulting surgery, plaintiff has a ten percent permanent partial disability of his back.
4. Plaintiff sustained an injury to his back in late March of 1992, which was unrelated to his employment with defendant-employer.
5. On 9 April 1992, while performing his regular job duties for defendant-employer, plaintiff testified that he used a ten pound sledge hammer to break up a hard material which had clogged a channel to the furnace. At that time, plaintiff testified that he was taking turns with a second employee, M. Mike Jernigan, going up and down a ladder to a platform where he would use the sledge hammer. Plaintiff testified that he would swing the sledge hammer and strike the piece of clogged equipment. Plaintiff also testified that on one occasion he felt something "bust" in his back when he swung the sledge hammer and struck the equipment. Plaintiff testified that there was a warm feeling and severe pain over plaintiff's back and down into his leg to his foot.
6. The Full Commission, however, does not accept plaintiff's testimony as credible, based on plaintiff's testimony and demeanor, and the testimony of other witnesses.
7. Since plaintiff's testimony is not credible, plaintiff did not prove that any injury which he may have sustained on or about 9 April 1992 resulted from a specific traumatic incident of the work assigned, or from an interruption of his normal work routine by the introduction of unusual conditions likely to result in unexpected consequences.
* * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On or about 9 April 1992, plaintiff did not sustain any injury as the direct result of a specific traumatic incident of the work assigned, or from an interruption of his normal work routine by the introduction of unusual conditions likely to result in unexpected consequences; therefore, any injury sustained by plaintiff on or about 9 April 1992 did not arise out of or in the course of plaintiff's employment with defendant-employer. G.S. § 97-2(6).
2. Plaintiff's claim is not, therefore, compensable under the provisions of the North Carolina Workers' Compensation Act. G.S. § 97-2(6).
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
This case is ORDERED REMOVED from the Full Commission docket.
 S/ ________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ________________________ JAMES J. BOOKER COMMISSIONER
S/ ________________________ WILLIAM L. HAIGH CHIEF DEPUTY COMMISSIONER